**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00474-CMA-CBS

AURORA BANK, FSB,

    Plaintiff,

v.

MORTGAGE MASTER, INC.,

    Defendant.

---

**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT**

---

This matter is before the Court *sua sponte.* For the reasons discussed below, the Court concludes that Defendant Mortgage Master, Inc. has not established the Court's subject matter jurisdiction over this case. As such, the Court remands this case to the District Court, Douglas County, Colorado, for further proceedings.

## I. BACKGROUND

On or about March 3, 2005, Defendant sold a number of mortgage loans to Plaintiff Aurora Bank FSB (formerly known as Lehman Brothers Bank). (Doc. # 5-4.) The terms of the sale were set forth in a loan purchase agreement (the "Agreement") that expressly incorporated additional terms contained in Plaintiff's "Seller's Guide." (*Id.*) On January 18, 2013, Plaintiff filed a Complaint in Colorado state court alleging that Defendant "breached one or more of its representations, warranties, and/or covenants under the Agreement and/or Seller's Guide." (Doc. # 3 at 4.) Defendant

filed a Notice of Removal on February 22, 2013, alleging diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. # 1.)

## II. DISCUSSION

Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000 exclusive of interest and costs" and (2) diversity of citizenship between the parties.  28 U.S.C. § 1332(a).  The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  A removing defendant must prove jurisdictional facts by a "preponderance of the evidence," including that the amount in controversy may exceed $75,000.  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Such proof may arise in a variety of ways, *see id.* at 954, but conclusory assertions or outright speculation do not suffice, *Tafoya v. American Family Mutual Insurance Co.*, No. 08–cv–01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).

In the instant case, while Defendant asserts that the amount in controversy exceeds $75,000 (Doc. # 1 at 3), Plaintiff, in its Complaint, did not specify a monetary estimate of the damages it allegedly suffered (*see* Doc. # 3 at 5).  Instead, Plaintiff merely stated that it sustained "actual, consequential, and substantial damages in an amount to be proven at trial."  (*Id.*)  The sole instance of Plaintiff's estimate of damages is found on the state court Civil Cover Sheet accompanying Plaintiff's Complaint, which includes a check-marked box indicating that Plaintiff is seeking a monetary judgment for more than $100,000.00 against Defendant.  (Doc. # 1-3.)  This Court has previously

addressed the evidentiary value, or lack thereof, of the state court Civil Cover Sheet in, for example, *Garner v. Vaki*, No. 11-cv-01283, 2011 WL 2463285, at *1 (D. Colo. June 21, 2011) (unpublished), and *Tejada v. Allstate Fire & Casualty Insurance Co.*, No. 09-cv-02096, 2009 WL 2958727, at *1 (D. Colo. Sept. 10, 2009) (unpublished).  In both *Garner* and *Tejada*, the Court stated that "the Colorado Civil Cover Sheet, by itself, does not establish the requisite amount in controversy to sustain diversity jurisdiction." *Id.* (citing *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007)).

      Other sources of evidence often relied on to establish the amount in controversy, including "interrogatories obtained in state court before the notice of removal was filed, a proposed settlement amount, or affidavits," are not present in this case.  *See Tejada*, 2009 WL 2958727, at *1.  As such, there is insufficient evidence that the value of this action exceeds the amount in controversy requirement of $75,000.  Any attempt by the Court to calculate the potential amount of damages "would simply be guesswork and, thus, amount to improper speculation."  *Garner*, 2011 WL 2463285, at *1 (citing *Tafoya*, 2009 WL 211661, at *2.)  Thus, the Court concludes that Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

### III. **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that this action is REMANDED to the District Court, Douglas County, Colorado, for further proceedings.

DATED:  May __14__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge